IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alaska Electrical Pension Fund, | ) | No. cv-06-2124-PHX-ROS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| John G. Sperling, et al., | ) | |
| Defendant. | ) | |

Before the Court is the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated April 7, 2008 (the "Stipulation") (Doc. 195).

The Court has considered all papers filed and proceedings had, is otherwise fully informed in the premises, and has considered any and all objections properly raised by current Apollo stockholders at the Federal Settlement Hearing, in accordance with the Court's Federal Preliminary Approval Order dated April 18, 2008,

Accordingly,

**IT IS ORDERED**:

1. All defined terms shall have the meaning set forth in the Stipulation.

2. The Notice of Hearing and Proposed Settlement of Derivative Action (the "Notice") has been given to the Company's stockholders, pursuant to and in the manner directed by the Preliminary Order and full opportunity to be heard has been offered to all parties and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23.1 and due process, and it is further determined that the Company, Plaintiffs and all of the Company's stockholders are bound by this Final Federal Judgment and Order.

3. The Stipulation and the Settlement thereto are found to be fair, reasonable and in the best interests of the Company and its stockholders and are hereby approved pursuant to Federal Rule of Civil Procedure 23.1. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Final Federal Judgment and Order.

4. The Court further finds that the Settlement has been entered into and made in good faith, and that all Plaintiffs' Counsel have fairly and adequately represented the interests of Apollo and current Apollo stockholders in connection with the Settlement of the Actions.

5. The Court hereby dismisses with prejudice all actions consolidated under Alaska Electrical Pension Fund v. John G. Sperling, Lead Case No. CV-06-2124-PHX-ROS (and all cases consolidated therewith), without costs to any party, except as provided herein.

6. The Court further orders that the parties in the State Action, to the extent that they have not done so already, shall promptly move to dismiss the stock option backdating claims with prejudice pursuant to the terms in the Stipulation.

7. This Final Federal Judgment and Order shall not constitute any evidence of or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to this action or the State Action and shall not be deemed to create any inference that there is any liability therefore.

8. Upon the Effective Date, Plaintiffs, individually on their own behalf and derivatively on behalf of Apollo and its shareholders, and Plaintiffs' Counsel are hereby permanently barred and enjoined from asserting, instituting, maintaining, prosecuting or enforcing against any of the Released Persons any of the Released Claims (including Unknown Claims) in any court or other forum whatsoever, including such Released Claims as already may have been asserted in any pending action, arbitration or other proceeding.

9. Upon the Effective Date, each of the Released Persons and current Apollo stockholders shall fully, finally, and forever release, relinquish and discharge Plaintiffs and Plaintiffs' Counsel from all claims, known or unknown, arising from or relating to the institution, prosecution, assertion, settlement or resolution of the Actions.

10. Upon the Effective Date, except for the indemnification claims and the contractual agreement in the Mutual Release and Waiver of Claims between Todd Nelson and The Apollo Group, Inc. entered into as of January 11, 2006, each of the Individual Defendants shall fully, finally, and forever release, relinquish and discharge Apollo and its Related Persons from all claims, known or unknown, arising from or relating to the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.

11. If final approval fails to occur as set forth in the Stipulation, then this Final Federal Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

12. Plaintiffs' Counsel are hereby awarded as attorneys' fees and reimbursed expenses the sum of $2,750,000.00 (the "Fee Award"). The Fee Award has been determined by the Court to be fair, reasonable, and entirely appropriate. No other fees, costs or expenses may be awarded to Plaintiffs' Counsel in connection with the Actions. The Fee Award shall be distributed in accordance with the terms of the Stipulation.

13. Without affecting the finality of this Final Federal Judgment and Order in any way, this Court reserves jurisdiction over all matters relating to the administration of the Stipulation and consummation of the Settlement.

DATED this 5th day of September, 2008.

_____
Roslyn O. Silver
United States District Judge